UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephen Collins, | Civ. No. 22-1320 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| J. Fikes, D. Drilling, and J. Best, | |
| Defendants. | |

Stephen Collins, FCI-Sandstone, Unit K3, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

This matter is before the Court based on the Court's review of this action's docket. Following that review, **IT IS HEREBY ORDERED THAT**:

1.  Based on review of the record in *Mount v. Fikes*, No. 21-CV-1489 (NEB/ECW) (D. Minn.)—the action whose severance gave rise to this action—the Court concludes that this action's presently operative Complaint is the document filed as Doc. No. 52 in No. 21-CV-1489.[1] (*See, e.g.*, Doc. No. 2, Order at 1–2 & n.1 (discussing case history and citing documents from No. 21-CV-1489).) For clarity going forward, the Court orders the Clerk of Court to file a copy of Doc. No. 52 in No. 21-CV-1489 as a separate entry in this action's docket, labelling it as this action's Complaint.

2.  Following entry of this document into this action's docket, the U.S. Marshals Service is directed to (a) serve process on the United States pursuant to Federal

---

[1] This document also appears within this matter's docket, as part of the case-documents exhibit to Doc. No. 2.

Rule of Civil Procedure 4(i)(1), and (b) serve process on each defendant pursuant to Federal Rule of Civil Procedure 4(e).

3. Paragraph 2 of this Court's Order dated May 20, 2022, (Doc. No. 3), is hereby **VACATED**.

4. Plaintiff Stephen Collins's filing in this action at Doc. No. 4 ("Counsel Motion")—which in relevant part asks the Court to appoint counsel—is **DENIED**. This filing is unclear and thus denial is appropriate. The Counsel Motion seems to request counsel for Jeremy Mount; it is written as a request for Mount, and indeed, duplicates a motion that Mount filed in No. 21-CV-1489. (*See* Doc. No. 58 in No. 21-CV-1489; *cf.* Doc. No. 64 in No. 21-CV-1489 (denying request).) But given the severance of Collins's claims from Mount's, Mount and his claims are not part of this case. It also appears that Collins himself signed the Counsel Motion, suggesting that however it refers to Mount, Collins submitted it to seek counsel *for himself*. The Court denies this request as well. Whether to appoint counsel is a decision "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Factors to consider include "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases). At present, the Court has no reason to believe that litigating this action would be factually or legally complex, nor does it appear that Collins cannot investigate this action's facts or present his arguments to the Court. And while this action may well involve conflicting

testimony at depositions or trial, the Court concludes that, at this time, this factor does not outweigh the others. To be sure, the Counsel Motion points to difficulties of multi-prisoner litigation when plaintiffs cannot freely communicate. (*See* Counsel Mot. 2–3.) But even if this was an issue in Case No. 21-CV-1489, it is not an issue here. This case features Collins and his claims only. Accordingly, the appointment of counsel is not warranted at this time.

Dated: July 14, 2022                                      *s/ Becky R. Thorson*
                                                                          BECKY R. THORSON
                                                                          United States Magistrate Judge