UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Collins.,                                                           Civ. No. 22-1320 (WMW/DJF)

              Plaintiff,

v.                                                                        **ORDER**

J. Fikes, D. Drilling, and J. Best,

              Defendants.

This matter is before the Court on Plaintiff Stephen Collins's ("Plaintiff") second Motion to Appoint Counsel ("Motion"). (ECF No. 21.) The Court denied Plaintiff's first request for counsel on July 14, 2022. (ECF No. 8.) Plaintiff now argues that the Court should grant his Motion because his case has become more complicated, and Plaintiff no longer has help from an inmate that the Bureau of Prisons "intentionally shipped" to a different facility "to prevent him from assisting other inmates" with legal matters. (ECF. No. 21.) Plaintiff asserts that he does not understand "[l]egalese," and that if counsel is not appointed, he "will not receive a fair and just trial." (*Id*.)

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

The Court recognizes Plaintiff's strong desire for appointment of counsel. Nonetheless, the

2

Court cannot conclude that litigating this action will be factually or legally complex, or that Plaintiff lacks the ability to investigate this action's facts or present his arguments to the Court. Plaintiff's lack of understanding of the legal system and his lack of access to assistance are not, alone, sufficient to warrant appointment of counsel since these facts do not distinguish his case from the myriad other claims brought by pro se litigants. Moreover, while conflicting testimony may emerge later on, this factor does not currently outweigh the others. The Court therefore declines to appoint counsel at this time.

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. [21]) is **DENIED**.

Dated:  Sept. 22, 2022                               s/ Dulce J. Foster
                                                                  DULCE J. FOSTER
                                                                  United States Magistrate Judge