UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Stephen Collins, | Civ. No. 22-1320 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Warden J. Fikes, D. Drilling, and J. Best, | |
| Defendants. | |

---

Stephen Collins, Reg. No. 52768-424, FCI-Sandstone, Unit K3, P.O. Box 1000, Sandstone, MN 55072, *pro se* Plaintiff.

Adam J. Hoskins, Esq., and Lucas B. Draisey, Esq., United States Attorney's Office, counsel for Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge Dulce J. Foster dated February 6, 2023. (Doc. No. 41.) Plaintiff has filed objections to the recommendation that the Court dismiss this case. (Doc. No. 46.) Defendants have responded to Plaintiff's objections. (Doc. No. 47.)

The Court reviews the portions of the R&R to which Petitioner objects *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments

presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Petitioner is *pro se*, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Having reviewed Plaintiff's objections to the February 6, 2023 R&R, the Court finds no error of law or fact that warrant rejecting the R&R. Plaintiff's first two objections relate to the administrative remedy process. These objections are overruled because the Magistrate Judge does not (nor does this Court) base the dismissal on Plaintiff not exhausting administrative remedies. Plaintiff's next objection, which appears to assert that the Magistrate Judge did not consider his *pro se* status when making the recommendation, is also overruled. It is clear from the Magistrate Judge's R&R that Plaintiff's *pro se* status was considered. (*See* Doc. No. 41 at 3.)

Further, after carefully reviewing all other portions of the R&R not specifically objected to, the Court finds that the R&R is neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the Court accepts the R&R in its entirety.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. No. 46) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 41) is **ACCEPTED**;

3. Defendants' Motion to Dismiss (Doc. No. 25) is **GRANTED**;

4. The Complaint (Doc. No. 9) is **DISMISSED** with prejudice; and

5. Plaintiff's self-styled Sur-Reply/Motion (Doc. No. 38) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: May 5, 2023

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge